United States District Court
Southern District of Texas
**ENTERED**
December 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Alan Nelson Crotts, <br> *Plaintiff*, <br><br> v. <br><br> Freedom Mortgage Corporation, <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action H-25-5335 |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 4. Pending before the court is Plaintiff's Motion for a Temporary Restraining Order. ECF No. 10. The court recommends that Plaintiff's motion be **DENIED**.

### 1. *Background*

This suit is one of several that Plaintiff Alan Crotts has filed against Freedom Mortgage Corporation. Each suit is related to the attempted foreclosure on Crotts's property at 6431 Box Bluff Court, Sugar Land, Texas 77479 (the Property). Crotts alleges that Freedom Mortgage is the noteholder and mortgage servicer of the Property, and that Freedom Mortgage has attempted to foreclose on the Property on three separate occasions since April 2022. ECF No. 1 at 15.

Crotts alleges that Freedom Mortgage's attempted foreclosure is improper because Freedom Mortgage never sent a notice of default to Crotts's email, which is his preferred "notice address." ECF No. 1 at 15–17. Crotts also states in his Petition that he had not missed any mortgage payments until March 2022 and that Freedom Mortgage rejected his payment during that month. *Id.*

Crotts brought similar claims in two prior cases, and both suits ended in final judgment against Crotts. *See Crotts v. Freedom Mortgage Corp.*, No. 22-CV-01447, 2022 WL 19006366, at *1 (S.D. Tex. Dec. 14, 2022) [hereinafter *Crotts I*], *aff'd*, No. 23-20028, 2023 WL 4285506 (5th Cir. June 30, 2023); *Crotts v. Freedom Mortgage Corp.*, No. 23-CV-04828, 2024 WL 3938926 (S.D. Tex. Aug. 6, 2024) [hereinafter *Crotts II*], *R. & R. adopted*, 2024 WL 3939585 (S.D. Tex. Aug. 26, 2024).

In *Crotts I*, Crotts argued in part that Freedom Mortgage "cannot foreclose the Note because the notice sent by certified mail to the last known address was unreasonable and failed since FMC was notified that [Crotts] could be contacted by email." 2022 WL 19006366, at *1. The court granted summary judgment in favor of Freedom Mortgage. *Id.* at *2. The Fifth Circuit affirmed the judgment. *Crotts*, 2023 WL 4285506, at *1 ("Crotts also insisted that FMC should have emailed him a notice of default, yet FMC indisputably complied with Texas law when it sent him a notice of default and intent to accelerate via certified mail.").

In *Crotts II*, Crotts's claims against Freedom Mortgage were barred by res judicata. *Crotts II*, 2024 WL 3938926, at *4–9. The court found that Crotts's complaints in both *Crotts I* and *Crotts II* relied on "nearly identical facts and raise[d] the same causes of action." *Id.* at *6. The court found that both suits arose from the same transaction, i.e., Freedom Mortgage's attempt to foreclose on the Property after Crotts's alleged default. *Id.* at *6–7. The court explained that:

> In both suits, Crotts alleges that (1) he missed loan payments starting in March 2021, (2) he repeatedly asked Freedom Mortgage to contact him via email "to discuss the status of his loan and work to correct any deficiencies," but to no avail, (3) he is willing and able to pay any amounts in default but has not been allowed to do so, and (4) Freedom Mortgage's actions

2

have caused him to "suffer[ ] a great deal of emotional distress and mental anguish."

*Id.* at *6.

Now, Crotts seeks declaratory judgment and injunctive relief preventing Freedom Mortgage from foreclosing upon the same property for the same reasons Crotts raised in his prior two suits. *See* ECF No. 1 at 12–20. Currently pending before the court is Crotts's motion for a Temporary Restraining Order (TRO), which would enjoin Freedom Mortgage from foreclosing upon the Property.

### 2. Legal Standard and Analysis

A TRO is an extraordinary remedy that should only be awarded upon a clear showing that the plaintiff is entitled to such relief.[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO, the movant must clearly show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *Black v. NewRez LLC*, No. 24-CV-0028, 2024 WL 1775343 (S.D. Tex. Apr. 2, 2024), *R. & R. adopted* (S.D. Tex. Apr. 24, 2024). The party moving for a TRO must carry the burden as to all four elements before a TRO may be issued. *Voting for Am., Inc. v. Steen*, 732 F.3d

---

[1] Crotts argues that the court does not have subject matter jurisdiction because, since he seeks only declaratory and injunctive relief, the amount in controversy does not exceed $75,000. ECF No. 7 at 2. The court is satisfied that the amount in controversy exceeds the jurisdictional requirement at this stage because the amount in controversy in an action for declaratory or injunctive relief is the value of the right to be protected or extent of injury to be prevented. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). It appears that the property value is much more than $75,000. *See* ECF No. 1 at 136.

382, 386 (5th Cir. 2013); *Kalkan v. Fed. Nat'l Mortgage Ass'n (Fannie Mae)*, No. 24-CV-2548, 2025 WL 3251620, at *1 (S.D. Tex. Nov. 21, 2025). To satisfy the first element of likelihood of success on the merits, a movant is not required to prove his entire case. *See Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011). Rather, the court looks to standards provided by the substantive law. *Id.*

Crotts is not entitled to a TRO. He has not clearly established the required elements for obtaining injunctive relief. He has not demonstrated any likelihood of success on the merits. It appears to the court that Crotts's allegations are yet another attempt to litigate the issues already decided in his prior suits.

There have been two prior judgments on the merits of Crotts's claims with identical parties. The court entered final judgment in each case. *Crotts I*, No. 4:22-cv-01447 ECF No. 37 (entering final judgment and dismissing Crotts's suit as unmeritorious); *Crotts II*, No. 4:23-cv-04828 ECF No. 64. *Crotts I* was affirmed on appeal. *See Crotts*, No. 23-20028, 2023 WL 4285506 (5th Cir. June 30, 2023). Each suit is between Crotts and Freedom Mortgage. Each suit is based on the same claims as were raised or could have been raised in the prior action.

Accordingly, Crotts has not demonstrated any likelihood of success on the merits and thus is not entitled to a TRO. The court recommends that Crotts's motion for a TRO be **DENIED**.

### *3. Conclusion*

The court recommends that Crotts's motion for a TRO, ECF No. 10, be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

4

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on December 18, 2025.

_____
Peter Bray
United States Magistrate Judge